**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DEMETRIUS C. COPE,                               :
                                                 :          Civil Action No. 12-5188 (JBS)
                     Plaintiff,                  :
                                                 :
          v.                                     :          **OPINION**
                                                 :
DAVE KOHLER, et al.,                             :
                                                 :
                     Defendants.                 :


**APPEARANCES:**

**DEMETRIUS C. COPE**, Plaintiff pro se
#702666/480989B
S.S.C.F.
4295 RT. 47
Delmont, N.J. 08314

**SIMANDLE**, Chief Judge

　　　　Plaintiff Demetrius C. Cope ("Plaintiff") seeks to bring this action *in forma pauperis*.

Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the

complaint.  At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§

1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from

a defendant who is immune from such relief.  For the reasons set forth below, the Court

concludes that the complaint should be dismissed at this time.

I.       BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Dave Kohler, a detective with the Burlington County Prosecutor's Office; John Fine, a patrolman with the Burlington City Police Department; Michael King, a detective with the Burlington County Prosecutor's Office; R. Coburn, a detective with the Burlington County Prosecutor's Office; R .Warrick, a patrolman with the Clemonton Police Department; A. Grimes, a detective-sergeant with the Camden County Prosecutor's Office; Joe Caruso, a detective-sergeant with the Burlington County Prosecutor's Office; Calvin Evans, a DEA Special Agent; M. Stasulli, an investigator with the Camden County Prosecutor's Office; J. Micken, a detective with the Burlington County Prosecutor's Office; Ciabattoni, a patrolman with the Burlington County Prosecutor's Office; William Smith, a sergeant with the Willingboro Police Department; Lou Dileo, a sergeant with the Burlington County Prosecutor's Department; and John Lazzaroti, Police Chief of the Burlington City Police Department.  The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On or about March 11, 2007, Defendant Fine notified Defendant Kohler that he had an informant who had information that Plaintiff was the leader of a large scale drug organization. Plaintiff alleges that the manufactured statements of the informant lead to a joint task force investigation. On or about August 2007, a wire intercept and GPS warrant were granted for one of Plaintiff's phone numbers and his vehicle. On August 24, 2007, Defendants Krug, Coburn, Smith, Warrick, Stasulli, Grimes and Micken conducted a search of Plaintiff's residence and seized property that Plaintiff states was not part of the search warrant.  Plaintiff alleges that

2

Defendant Ciabattoni conspired with Defendant Fine about events that transpired during the August 20, 2007 surveillance that led to the granting of the search warrant.  Plaintiff also alleges that Defendant Dileo submitted a false report about a positive response from a dog during the sweep of Plaintiff's vehicle. Plaintiff alleges that all the defendants conspired to violate his due process rights and his Fourth Amendment rights against unreasonable search and seizure. Plaintiff alleges that he was cleared on all state charges and is seeking monetary damages.

## II.   DISCUSSION

### A.   Legal Standard

#### 1.   Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify properly stated claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Citing its opinion in *Bell Atlantic Corp. v. Twombly*,

3

550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## 2.      Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged

4

deprivation was committed or caused by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B.     Analysis**

**1.     Fourth Amendment Claims**

We will first examine whether Plaintiff has timely filed his complaint.  Statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants.  *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense).  While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.  *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *O'Connor v. City of Newark*, 440 F.3d 125, 126–27 (3d Cir. 2006).  This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  *Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989)(quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)).

"Accrual is the occurrence of damages caused by a wrongful act.... [T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or

omission results in damages." *Dique*, 603 F.3d at 185–86 (citations and internal quotation marks omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action"); *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) ("A [§ ] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based"). A claim for false arrest typically accrues on the date of the arrest, because that is when the plaintiff has reason to know of his injury. *Pittman v. Metuchen Police Dept.*, 441 F. App'x. 826, 828 (3d Cir. 2011). A claim for false imprisonment accrues when an arrestee appears before a magistrate and is bound over for trial, because, after that, he is being held pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

Here, the search of his house and subsequent arrest of Plaintiff occurred in 2007. At that time, Plaintiff's Fourth Amendment claims accrued and the statute of limitations for began to run. As a result, the two year limitations period for these claims had long since expired when Plaintiff filed the instant complaint in August 2012. Although the statute of limitations may be equitably tolled, tolling is extraordinary relief that is appropriate only "in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370, n. 9 (3d Cir. 2000). Because none of the circumstances warranting equitable tolling appear to apply, it is apparent from the face of the Complaint that Plaintiff's claims for false arrest and illegal search and seizure, including his

claim of a conspiracy among the police officers to concoct evidence to arrest him, against all defendants are time barred.  *See Pittman*, 441 F. App'x at 828.

### 2.    **Malicious Prosecution**

It appears that Plaintiff is also alleging a claim of malicious prosecution against all defendants.  To prove malicious prosecution under section 1983 a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).  "If the prosecutor drops the charges as part of a compromise with the accused, the accused will fail the favorable termination prong necessary to maintain a malicious prosecution claim under § 1983."  *Taylor v. Winters*, 115 F. App'x. 549, 552 (3d Cir. 2004). *See also Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002).

Plaintiff has not alleged sufficient facts to establish that the defendants initiated the proceedings without probable cause.  In fact, in the complaint, Plaintiff states that the investigation began as the result of the information provided by an informant and that the search was executed pursuant to a search warrant.  Moreover, though he states that he was cleared of "all state charges," Plaintiff does not allege that he was cleared of all federal charges, and it appears that he may not be able to plead such.  *See United States v. Demetrius Cope*, Criminal Action No. 08-486 (JHR) (convicted), App. Nos. 10-10-2441 and 10-3402 (3d Cir. Nov. 18,

2011) (affirmed).  Finally, Plaintiff does not allege with any specificity that Defendants acted with malice.

As such, Plaintiff's claims for malicious prosecution against all defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A (b)(1).

## III.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A (b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1]  An appropriate order follows.

**March 4, 2013**                               **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                Chief, U.S. District Judge

---

[1]Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*